## LEONARD v. DARIS et al.

If a justice issue an execution, although there has been an appeal, *the constable* cannot be held liable for proceeding with the execution.

**Error to the Common Pleas of Clearfield county.**

PER CURIAM.     March 30, 1874.

The execution being regular on its face, and the justice having juris- diction, the constable was protected by the writ, notwithstanding the judgment before the justice was superseded by the appeal. The mistake, or even the wilful wrong of the justice in issuing the execution, reciting the superseded judgment as in full force, could not affect the constable, who could know nothing except what he saw on the face of his writ. Having an execution regular in all appearance, he cannot be placed in the embarrassing position of refusing to execute it, by a mere notice from the defendant that he has taken an appeal. The only notice the officer is bound to regard, is one proceeding from the same authority that issued the writ. It is the province of the justice to determine whether the appeal is regularly taken, and if so, to countermand the execution, if he have issued it. O'Donnell v. Mullen 3 Casey 199. The constable having no authoritative notice of the appeal was protected by his writ.

This is according to the current of decision in this State, and is essential to the protection of officers proceeding *bona fide* in the execution of their duties.

Judgment affirmed.